MICHAEL JUDSON, Respondent, *v.* THE VILLAGE OF OLEAN, Appellant.

*Court of Appeals, October 22, 1889.*

Reversing 41 Hun, 637, Mem.

*Appeal.   Nonsuit.*—Where there is no proof of defective materials, or incompetent servants, in erecting a scaffold, for the purpose of building a chimney, but the undisputed evidence is that a co-servant's neglect to nail sufficiently the west end of the ledger-board was the cause of the accident, the denial of a nonsuit, made on the ground that the accident was caused by the negligence of a fellow-servant, is error.

This action was brought to recover damages for alleged negligence.

Defendant employed one Fish to work as a mason on and to superintend the construction of a chimney attached to an engine-house.   Fish was authorized to employ such laborers as he chose.   Among those employed was plaintiff.

Appeal from a judgment of the general term of the su-

preme court, affirming a judgment entered upon a verdict, and denying a motion for a new trial.

*J. R. Jewell*, for respondent.

*Frederick W. Kruse*, for appellant.

POTTER, J.—The defendant employed S. S. Fish to work as a mason on and superintend the construction of the chimney for daily wages. He was authorized to employ such laborers as he chose, and was to receive from the defendant their daily wages, and an advance of two shillings per day on masons and of one shilling per day on common laborers. Fish hired and discharged the employees at will, and paid them such wages as he and they mutually agreed on, receiving afterwards from the defendant the amount paid out, and the advance above mentioned.

The plaintiff testified: "Building of a scaffold is part of a brick mason's trade." (Folio 91) "It (the scaffold) was built on Saturday by Fish, me, and his son, Fred Fish, another mason and two tenders. The other mason was Kinney. I drove nails in center and one end of ledger-board that broke. There was another man nailing the other end, and I supposed he drove nails enough to hold it. Fish was holding the ledger-board that broke in the middle, while I was nailing one end and Kinney the other. I don't know whether the board broke or nails came out. I did not say that I could not see if it was nailed all right, because Fish stood in the way. He asked me if it was nailed all right, and I told him I thought so. It was the old man Fish who asked me that. It was before the scaffold broke. It was on Saturday before, after we had got all through nailing. The nails used were eights or tens; I think they were tens, scaffold was properly constructed, as far as I could see. It was constructed in same way scaffolds are usually constructed for this kind of work. Braces were all right, I think that when Fish commenced nailing the ledger-board

for the other scaffold, it jarred the staging poles and jarred the nails loose where it fell. There had been much more weight on it than at the time when it fell. Fish commenced nailing the ledger-board when the brick was laid up to the scaffold which fell, and he was in the act of nailing the board when the scaffold fell. I thought the jarring caused by this nailing caused it to fall. It was not unusual to nail another ledger-board while working on the scaffold."

This evidence is not disputed, either directly or by inference ; and it fully presents the plaintiff's theory of the cause of action, of his duty and the duty of his co-employees. This is not a case where an accident has befallen an employee by reason of defective machinery, tools or appliances negligently furnished by the master for the use of his servants, or by the fall of a structure negligently constructed by servants' engaged in another line or branch of employment ; but it was caused by the negligent omission of Kinney, a co-employee, to sufficiently nail the west end of the north ledger board to the northwest corner staging pole. The plaintiff was employed to construct and engaged in constructing with others, this scaffold and, with Kinney, nailed this ledger-board in place. There is no evidence that the defendant or Fish negligently furnished unsuitable materials, or negligently employed unskillful or incompetent co-servants. The undisputed evidence is, that Kinney's neglect to sufficiently nail the west end of the ledger-board was the cause of the accident, and the denial of the defendant's motion for a nonsuit on the ground that the accident was caused by the negligence of a co-employee, was error.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, VANN, J., in result, except BRADLEY, and HAIGHT, JJ., not sitting.